JOURNAL ENTRY and OPINION
Appellant Victor Baker appeals from the trial court's decision finding him guilty of receiving stolen property in violation of R.C. 2913.51. Baker assigns the following as errors for our review:
 I. THE COURT'S DECISION FINDING THE DEFENDANT GUILTY OF RECEIVING STOLEN PROPERTY WAS NOT SUPPORTED BY SUFFICIENT PROBATIVE EVIDENCE SINCE THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT HAD REASONABLE CAUSE TO BELIEVE THAT THE VEHICLE HAD BEEN STOLEN.
 II. THE COURT'S DECISION FINDING THE DEFENDANT GUILTY OF RECEIVING STOLEN PROPERTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE ALL OF THE EVIDENCE INDICATED THAT THE DEFENDANT SHOULD NOT HAVE KNOWN THE CAR WAS STOLEN.
Having reviewed the record and pertinent law, we reverse the decision of the trial court. The apposite facts follow.
In the early morning hours of November 10, 2000, Baker was walking through pouring rain to a bus station on his way to work when he came upon his friends, Keith Jackson and Earnest Harris driving a 1986 Oldsmobile. They offered Baker a ride, which he accepted.
Baker agreed to drive the car, as he was the only one of the three with a valid driver's license. Upon entering the car, Baker noticed the steering column had been pealed in an apparent theft attempt. He asked Jackson about the damage, and Jackson replied that the car was not stolen; that the damage resulted from an attempted theft. Despite his doubts, Baker accepted Jackson's explanation.
Baker testified that while driving to a nearby gas station to buy gas for his friends, his doubts grew into deep concern for being in a likely stolen vehicle. Baker testified that he intended to leave his friends upon arriving at the gas station.
Just before reaching the gas station, the Cleveland police spotted the car, ran its license plates, and discovered the car was stolen the previous evening. The police followed the car to the gas station where they removed Baker, Jackson, and Harris from the car, noticed a screw-driver on the driver's seat, and arrested the men on suspicion of automobile theft.
Baker was charged with receiving stolen property in violation of R.C.2913.51 because he was found driving the car, and possessing criminal tools in violation of R.C. 2923.24 because the screw-driver apparently used to peal the steering column was found near where Baker had been sitting. Following a bench trial, Baker was found guilty only of receiving stolen property. This appeal follows.
In his first assigned error, Baker asserts the trial court erred in finding him guilty of receiving stolen property because the State presented insufficient evidence of that crime. We agree.
A challenge to the sufficiency of evidence supporting a conviction requires the appellate court to determine whether the State met its burden of production at trial.[1] On review for legal sufficiency, the appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt.[2] In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution.[3]
R.C. 2913.51(A) provides:
 No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
Although Baker's first assigned error focuses on the sufficiency of evidence indicating that Baker knew or should have known the car was stolen, we also recognize a sufficiency argument regarding whether Baker ever received, retained or disposed of the car as required to establish the crime of receiving stolen property.
Unless otherwise specified, all Ohio criminal statutes, including R.C.2913.51, shall be strictly construed against the State, and liberally construed in favor of the accused.[4]
Here, although Baker drove the car he suspected of being stolen, he did not receive the car as contemplated by the crime of receiving stolen property. Baker acknowledges his decisions were foolish. But foolishness is not a standard by which our courts judge an accused; rather our query is whether the prosecution presented sufficient evidence to establish that Baker received the stolen car which he had reason to believe was stolen.
In State v. Jackson,[5] the Ohio Twelfth Appellate District decided that a man who knowingly possessed photographic equipment and a gun which he was aware a friend recently stole was not guilty of receiving stolen property.[6] Even though Jackson physically inspected the equipment, had his picture taken with the gun in his pants, and discharged the gun, the court overturned his conviction because he never considered the spoils his property and only possessed the items for brief periods. The court reasoned that R.C. 2913.51 requires acquisition of control in the sense of physical dominion over or apparent legal power to dispose of property.[7] In reaching its decision, the court relied on State v. Wolery,[8] a case in which the Ohio Supreme Court held that possession of goods known to be stolen does not necessarily equate with receipt of stolen goods in violation of R.C. 2913.51.
In State v. Williams,[9] this court adopted the twelfth district's interpretation of received. In affirming that defendant-appellant Williams had dominion and control of the stolen vehicle, we stated, Proof of dominion and control is proof that the purpose of the receipt was wrongful, not innocent. Although we affirmed William's conviction, we did so because the evidence adduced at trial clearly supported the conclusion that Williams exercised dominion and control over the car and received the car[10] with a wrongful, not innocent, purpose.[11]
By his own admission, Baker knew or should have known the car was stolen, and the evidence demonstrates Baker possessed the car by driving it. However, the record does not indicate that Baker drove the car with the purpose of exercising dominion and control. On the contrary, the record indicates that Baker merely wanted a ride with his friends to the next bus stop so as to avoid a hard pouring rain. He drove for perhaps three minutes to the gas station and then wanted to get out of the car and leave what he thought was a dangerous situation.
Even the trial judge, prior to announcing his verdict, stated, And I had the opportunity to reflect on the evidence, the testimony; and part of me doesn't want to do this, but I'm going to find the defendant guilty. It's such a squishy (sic) violation, but there it is.
As stated above, we are to construe R.C. 2913.51 in Baker's favor, and review the evidence adduced at trial in a light most favorable to the prosecution. In doing so, we follow Jackson and Williams. The prosecution here failed to demonstrate that Baker received the stolen car. Accordingly, the evidence adduced at trial was insufficient to sustain Baker's conviction for receiving stolen property, and Baker's first assigned error has merit.
In his second assigned error, Baker challenges the trial court's decision as against the manifest weight of evidence adduced at trial. Due to our resolution of Baker's first assigned error, we need not address his second assigned error.
Judgment reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.
[2] Thompkins, supra; State. v. Fryer (1993), 90 Ohio App.3d 37,43, 627 N.E.2d 1065, 1069.
[3] Fryer, supra at 43.
[4] R.C. 2901.04(A).
[5] (1984), 20 Ohio App.3d 240, 485 N.E.2d 778.
[6] Id.
[7] State v Jackson (1984), 20 Ohio App.3d 240, 485 N.E.2d 778, at syllabus.
[8] (1976), 46 Ohio St.2d 316, 348 N.E.2d 351, certiorari denied (1976), 429 U.S. 932, 97 S.Ct. 339.
[9] 1989 Ohio App. LEXIS 5000 (Sept. 28, 1989), Cuyahoga App. No. 55955, unreported.
[10] State v. Williams, 1989 Ohio App. LEXIS 5000 (Sept. 28, 1989), Cuyahoga App. No. 55955, unreported, citing Jackson, supra.
[11] Williams, supra.